IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Robert Hickman, | ) | C.A. No. 4:10-70234 |
| | ) | Crim. No. 4:08-507 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondents. | ) | |

PROCEDURAL HISTORY

This Matter comes before the Court on the *pro se* petitioner Robert Hickman's (hereinafter "Hickman" or "petitioner" or "defendant") filing of a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the sentence he received after pleading guilty to one count of possession of ammunition by a convicted felon. As the record reflects, on May 27, 2008, a federal Grand Jury returned an Indictment which charged the defendant with a single count of possession of ammunition by a convicted felon in violation of 922(g). On September 30, 2008, the defendant entered into a written plea agreement with the government and pled guilty. He was sentenced on January 22, 2009, to a term of imprisonment of one hundred twenty (185) months, followed by a five-year period of supervised release. This Judgment was entered on January 29, 2009. (Doc. # 47). Petitioner filed an appeal with the Fourth Circuit Court of Appeals. On December 28, 2009, the Fourth Circuit issued an opinion affirming the judgment of the district court. United States v. Robert Hickman, No. 09-4148 (4th Cir. 2009) (unpublished).

1

Petitioner then filed the present action on August 3, 2010. (Docs. # 63). The government filed its response in opposition to petitioner's motion for relief under 28 U.S.C. 2255 and motion for summary judgment on August 20, 2010. (Docs. # 67 & # 68). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed August 23, 2010, that he had thirty-four days to file any material in opposition to the motion for summary judgment. (Doc. # 69). On August 31, 2010, petitioner filed a written response to respondent's motion for summary judgment. (Doc. # 71). The matter is now ripe for decision.

## 28 U.S.C. 2255

Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, 28 U.S.C. § 2255 requires petitioner to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." This is the proof needed to allege a constitutional error. "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.' " Leano v. U.S., 334 F.Supp.2d 885, 890 (D.S.C. 2004)*(*quoting United

2

States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999). In deciding a section 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

SUMMARY JUDGMENT STANDARD

The government filed a response in opposition and motion for summary judgment as to Petitioner's petition. (Docs. # 67 & # 68). The issue in determining a motion for summary judgment is whether there exists a genuine issue of material fact. FED.R.CIV.PRO. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. FED.R.CIV.PRO. 56(e); see Celotex, 477 U.S. 317. Thus, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there

can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

DISCUSSION

Defendant has raised one ground for relief in his petition set forth verbatim:

Petitioners sentence was unconstitutionally enhanced as a armed career offender 18 U.S.C. 924(e) Pursuant to the Supreme Court's United States v. Carachuri-Rosendo, 2010 U.S. Lexis 4764 Decision and the Fourth Circuits Rivers decision.

The Government opposes defendant's motion and argues that defendant was correctly sentenced as an Armed Career Criminal. The Government asserts that Petitioner's motion to vacate his sentence should be denied.

Defendant was sentenced as an armed career criminal subject to a mandatory minimum of fifteen years imprisonment based on his prior convictions for distribution of marijuana, burglary in the third degree, strong arm robbery, and failure to stop for a blue light.

Petitioner filed a direct appeal arguing that his prior convictions for burglary third and failure to stop for a blue light do not constitute predicate offense for purposes of the ACCA. The Fourth Circuit ruled that Petitioner's prior conviction for burglary third remained a predicate offense post-Begay v. United States, 553 U.S. 137 (2008), and affirmed Petitioner's conviction and sentence. See United States v. Hickman, 09-4148, December 28, 2009 (4th Cir. 2009) (unpublished). Because the Fourth Circuit found Petitioner had three prior violent felonies or serious drug offenses based on its

4

holding as to the Burglary third conviction, the Fourth Circuit did not address the failure to stop for a blue light argument.[1]

The Government concedes that failure to stop for a blue light is no longer a predicate offense for purposes of the Armed Career Criminal Act. However, this concession by the Government does not change the fact that Petitioner's other three prior convictions subject him to the fifteen year mandatory minimum under the Armed Career Criminal Act. The Fourth Circuit has considered whether Petitioner's Burglary third conviction qualifies as a predicate offense for Armed Career Criminal Purposes. In doing so, the Fourth Circuit directly addressed Petitioner's challenge to his Burglary third conviction, and concluded that there was no error by the district court in sentencing Petitioner as an Armed Career Criminal.

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976), cert denied, 429 U.S. 863 (1976). An exception occurs where there has been an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974). In Boeckenhaupt, the Fourth Circuit has held that those claims that were decided on direct appeal may not be asserted again in collateral proceedings. Id. (explaining that defendant cannot relitigate issues previously rejected on direct appeal); U.S. v. Liverman, 1999 WL 476464, *1 (4th Cir. 1999)(noting that where a petitioner fully and fairly litigated on direct appeal whether his plea was entered knowingly and voluntarily, the issue would not be subject to collateral review). Accordingly, Petitioner cannot relitigate issues on collateral

---

[1]The Fourth Circuit indicated in its Order that Petitioner conceded he had two other prior convictions (apart from the challenged burglary third and failure to stop for a blue light convictions) that would qualify as predicate offenses under the Armed Career Criminal Act.

review that have already been decided by the Fourth Circuit. See U.S. v. Huffstetler, 2006 WL 3007374 *1 (D. S.C. 2006).

Petitioner argues that there has been a change in the law and cites the United States Supreme Court case of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). In Carachuri-Rosendo, the Supreme Court considered whether the defendant, who had been convicted of two misdemeanor drug offenses, qualified as having been convicted of an "aggravated felony" under 8 U.S.C. § 1101(a)(43) of the Immigration and Naturalization Act. The Court rejected the Government's contention that the state offense could have resulted in a sentence exceeding one year if it had been prosecuted under federal law since this was the defendant's second offense. Id. at 2588-89. The Supreme Court concluded that: [t]he mere possibility that defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be "convicted of a[n] aggravated felony" before he loses the opportunity to seek cancellation of removal. Id. at 2589. Thus, the Court ultimately interpreted "aggravated felony" not to include the conviction of a state offense where the defendant had not actually been charged with a crime for which a recidivist penalty attached. Id.

The Court has carefully considered the case of Carachuri-Rosendo v. Holder, cited by Petitioner, as well as the arguments raised in Petitioner's petition and supporting documents. After careful review, the Court does not find Petitioner's position to be sufficiently persuasive.

Petitioner has been sentenced as an Armed Career Criminal. Section 4B1.4 of the United States Sentencing Guidelines is entitled Armed Career Criminal. This section indicates that: A

defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal. 18 U.S.C. § 924(e) provides as follows:

> **(e)(1)** In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
>
> **(2)** As used in this subsection–
>> **(A)** the term "serious drug offense" means--
>>> **(i)** an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>>>
>>> **(ii)** an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>>
>> **(B)** the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>>> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>>
>>> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and
>>
>> (C) the term "conviction" includes a finding that a person has committed an act of juvenile delinquency involving a violent felony.

The definitions and penalty for Burglary, third degree in South Carolina are found in S.C. Ann. § 16-11-313 which provides as follows:

> (A) A person is guilty of burglary in the third degree if the person enters a building without consent and with intent to commit a crime therein.

(B) Burglary in the third degree is a felony punishable by imprisonment for not more than five years for conviction on a first offense and for not more than ten years for conviction of a second offense according to the discretion of the Court.

Paragraph 19 of the Presentence Investigation Report prepared by United States Probation in this case indicates that Petitioner was sentenced to 2 years in state Court for Burglary, third degree. In light of these facts, and coupled with the Fourth Circuit's legal analysis in its December 28, 2009 opinion, this Court finds that Petitioner has three prior qualifying convictions which subject him to the fifteen year mandatory minimum under the Armed Career Criminal Act. Accordingly, the Court finds the Government's position in this case to be sufficiently persuasive and concludes that Petitioner's 28 U.S.C. § 2255 should be denied.

## CONCLUSION

For all of the reasons cited above, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**. Respondent's motion for summary judgment is **GRANTED**, and this matter is **DISMISSED**, with prejudice. The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT COURT JUDGE**

November 12, 2010
Florence, South Carolina