IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robert Hickman,<br><br>  PETITIONER<br><br>v.<br><br>United States of America,<br><br>  RESPONDENT | Crim. No. 4:08-cr-00507-TLW-1<br>C/A No. 4:16-cv-01511-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Robert Hickman. For the reasons stated below, the petition is denied.

## I. Factual and Procedural History

Petitioner was charged with and pled guilty to being a felon in possession of ammunition, and the Court sentenced him to 185 months incarceration. ECF No. 47. He did not file a direct appeal.

Petitioner was classified as an armed career criminal under the Armed Career Criminal Act (ACCA), which imposes a mandatory minimum fifteen-year sentence on a felon who possesses ammunition and who has three or more prior convictions for committing certain drug crimes or "violent felon[ies]." 18 U.S.C. § 924(e)(1).[1] At the time of his sentencing, he had the following ACCA predicate convictions:

---

[1] If he had not been classified as an armed career criminal, he would have faced a statutory maximum of ten years incarceration. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

1

(1) Possession With Intent to Distribute (PWID) Marijuana (PSR ¶ 17);

(2) Distribution of Marijuana (PSR ¶ 18 – Docket No. 85-GS-16-589);

(3) Distribution of Marijuana (PSR ¶ 18 – Docket No. 85-GS-16-590);

(4) Burglary, 3rd Degree (PSR ¶ 19);

(5) Strong Arm Robbery (PSR ¶ 21);

(6) Failure to Stop for Blue Light (PSR ¶ 24).

In Petitioner's § 2255 petition, he challenges his burglary, robbery, and failure to stop convictions, asserting that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and other cases, none of these convictions remain ACCA predicate offenses.[2] Thus, he argues that he no longer has the requisite number of ACCA predicate convictions and is therefore entitled to a resentencing without the ACCA enhancement. The Government filed a motion to dismiss, asserting that the PWID marijuana, marijuana distributions, burglary, and robbery convictions still qualify as predicates and that he remains an armed career criminal. ECF No. 90 at 1. He filed a response in opposition to the Government's motion, ECF No. 94, and then a supplemental response in opposition, ECF No. 99.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Section 2255 provides that a prisoner in custody under sentence of a federal

---

[2] In his *pro se* petition, he only challenged his burglary and failure to stop convictions, ECF No. 88 at 4, but the assistant federal public defender who later appeared on his behalf added a challenge to his robbery conviction, ECF No. 94 at 4.

2

court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III. Discussion

Fourth Circuit precedent forecloses Petitioner's argument that he no longer has the requisite convictions to be an armed career criminal.

In *United States v. Doctor*, the Fourth Circuit concluded that a South Carolina conviction for strong arm robbery is a violent felony for ACCA purposes. 842 F.3d 306, 312 (4th Cir. 2016). Thus, that conviction remains an ACCA predicate offense.

As to Petitioner's prior drug convictions, in his initial response to the Government's motion for summary judgment, he said he was not challenging any of them. ECF No. 94 at 2 n.1 ("Petitioner does not challenge at this time that his prior

3

convictions for possession with intent to distribute marijuana and distribution of marijuana are qualifying predicates."). However, in his recently-filed supplemental response, he says he does, in fact, challenge the PWID marijuana conviction. ECF No. 99 at 1.

While it is not clear that *Johnson* provides an avenue for a habeas challenge to a prior conviction that was classified under the ACCA as a "serious drug offense," it is not necessary for the Court to decide that issue. That is so because, in addition to the robbery, he has two marijuana distribution convictions. These convictions are counted separately for ACCA purposes because they were "committed on occasions different from one another," as required by § 924(e)(1). *See* PSR ¶ 18 (describing two marijuana distributions to undercover agents—the first on March 13, 1985 and the second on May 3, 1985); *United States v. Letterlough*, 63 F.3d 332, 337 (4th Cir. 1995) (counting separately two sales of individual doses of crack cocaine to the same undercover officer less than two hours apart); *see also United States v. Carr*, 592 F.3d 636, 645 (4th Cir. 2010) (counting separately thirteen convictions for breaking or entering where, on one day, the defendant broke into thirteen storage units occupied by ten different victims); *United States v. James*, 337 F.3d 387, 391 (4th Cir. 2003) (counting separately two burglary convictions where, on one day, the defendant burglarized two stores across the street from one another), *abrogated on other grounds by Begay v. United States*, 553 U.S. 137 (2008); *United States v. Williams*, 187 F.3d 429, 430–31 (4th Cir. 1999) (counting separately a conviction for assault with a firearm on a government officer and two convictions for assault with a deadly

weapon with intent to kill, all of which arose out of one ten-to-fifteen minute foot chase from police during which the defendant fired his firearm at one officer and pointed it at two other officers several minutes later).

Thus, regardless of whether Petitioner's PWID marijuana conviction is subject to a habeas challenge, the Court concludes that he still has at least three ACCA predicate convictions—one robbery and two marijuana distributions—and is therefore not entitled to habeas relief.

## IV. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 91, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 88, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                                          *s/ Terry L. Wooten*
                                                          Terry L. Wooten
                                                          Senior United States District Judge

June 18, 2019
Columbia, South Carolina